COMMONWEALTH OF KENTUCKY )
)
COUNTY OF JEFFERSON )

# GUARANTY

For value received, the receipt and sufficiency of which is hereby acknowledged, and in order to induce KFC Corporation ("KFC") and/or KFC National Council and Advertising Cooperative, Inc., Delaware corporations, (hereinafter referred to as "Obligees," whether one or both) to enter into certain Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts and to do certain business with **ASHOK SAHADEVAN** (the "Obligor"), of **Calabasas, California**, the undersigned (hereinafter referred to as the "Guarantors," whether one or more) jointly and severally guarantee unconditionally and absolutely to Obligees that the Obligor will fully, promptly and faithfully perform, pay and discharge all of the Obligor's present and future indebtedness or obligations to Obligees, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, and all renewals and extensions thereof, including, but not limited to, any indebtedness or obligations arising by any terms, covenants or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between Obligees and the Obligor, including, without limitation, any representations, warranties and indemnities contained in such Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts (collectively the "Guaranteed Obligations"), relating to or arising out of the operation of a Kentucky Fried Chicken restaurant (hereinafter referred to as the "Outlet") located at **823 Broadway, Eureka, California**.

In the event of default by the Obligor in performance, payment, or discharge of all or part of the Guaranteed Obligations, the Guarantors, jointly and severally, shall, on demand and without further notice of dishonor or other notice which may be required to be given by any statute or rule of law, perform, pay or discharge such Guaranteed Obligations and pay all losses, costs, and expenses which Obligees may suffer by reason of the default. Unless otherwise required pursuant to the Guaranteed Obligations or otherwise directed by KFC, such performance, payment or discharge shall be made at Obligees' main office in Louisville, Kentucky. Guarantors hereby severally waive notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the Guaranteed Obligations and waive diligence, presentment, demand protest and notice of non-payment, protest and suit on the part of Obligees in the enforcement or collection of any of the Guaranteed Obligations and agree that Obligees shall not be required first to endeavor to secure performance or discharge of or collect from the Obligor any Guaranteed Obligations or to foreclose, proceed against or exhaust any collateral or security for any Guaranteed Obligations, before requiring Guarantors, or any of them, to perform, pay or discharge the full liability hereby created. Suit may be brought and maintained against any one or more of the Guarantors, at the election of Obligees, without joinder of the Obligor or the other Guarantors as parties thereto. If Obligees institute and prevail entirely in any action at law or in equity against Guarantors based entirely or in part on the terms of this Agreement, Obligees shall be entitled to recover, in addition to any judgment entered in their favor, reasonable attorney's fees, court costs and all of Obligees' expenses in connection with the litigation. If Guarantors prevail entirely in any claim instituted by Obligees, they will be entitled to such fees, costs and expenses. If neither side prevails entirely, each will bear his own costs. Demand hereunder shall be deemed to have been made when made in person or mailed postage prepaid to the respective Guarantors' most recent address on file with Obligees.

This Guaranty is continuing and shall continue to apply without regard to the form or amount of Guaranteed Obligations which the Obligor may create, renew, extend or alter, in whole or in part, without notice to the Guarantors.

Obligees may from time to time, at their discretion and with or without valuable consideration, surrender, release, subordinate, exchange or alter any Guaranteed Obligation without affecting the liability of the Guarantors under this Guaranty and this Guaranty shall continue effective notwithstanding any legal disability of the Obligor to incur any Guaranteed Obligations. Any action or inaction by Obligees with regard to the Guaranteed Obligations or this Guaranty shall not impair or diminish the obligations of the Guarantors hereunder. Obligees shall not be liable for their failure to use diligence in the enforcement of collection of the Guaranteed Obligations or in preserving the liability of any person liable thereon.

Obligees are relying and are entitled to rely upon each and all of the provisions of this Guaranty; and accordingly if any provision or provisions of this Guaranty should be held to be invalid or ineffective, then all other provisions shall continue in full force and effect notwithstanding. This Guaranty is not intended and does not replace, cancel or otherwise modify or affect any other guaranty of the Guarantors, or any of them, held by Obligees now or hereafter, relating to the Obligor or other persons or entities.

Guarantors hereby unconditionally and absolutely guarantee the payment of all of said Guaranteed Obligations, regardless of any act or omission of Obligees or any party with reference to any of said indebtedness or any security or rights existing or to exist in connection therewith; and Guarantors agree that Obligees shall in no way be obligated to bring or prosecute any action against Obligor of said Guaranteed Obligations or make any demand on Obligor or give any notice of any kind to any party. Obligees shall not be liable or accountable in any respect, nor shall Guarantors have a right of recourse against Obligees by reason of, any act or omission on the part of Obligees in connection with any of the matters herein mentioned.

The amount of the maximum aggregate liability of the Guarantors under this Guaranty is the sum of Two Hundred-Fifty Thousand and no/100 dollars ($250,000) and the date on which this Guaranty terminates is **Thirteen (13)** years from the date of execution set forth below, provided, however, that such termination shall not affect the liability of the Guarantors with respect to:

(1) Guaranteed Obligations created or incurred prior to such date; or
(2) Extensions or renewals of, interest accruing on, or fees, costs, or expenses incurred with respect to, such Guaranteed Obligations on or after such date.

Executed this _____ - day of __AUG 2 5 2009__, 20_____

GUARANTORS:

X /s/ Nilem Sahadevan
Nilem Sahadevan

4/97A

COMMONWEALTH OF KENTUCKY   )
                          )
COUNTY OF JEFFERSON        )

## GUARANTY

For value received, the receipt and sufficiency of which is hereby acknowledged, and in order to induce KFC Corporation ("KFC") and/or KFC National Council and Advertising Cooperative, Inc., Delaware corporations, (hereinafter referred to as "Obligees," whether one or both) to enter into certain Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts and to do certain business with **ASHOK SAHADEVAN** (the "Obligor"), of **Calabasas, California**, the undersigned (hereinafter referred to as the "Guarantors," whether one or more) jointly and severally guarantee unconditionally and absolutely to Obligees that the Obligor will fully, promptly and faithfully perform, pay and discharge all of the Obligor's present and future indebtedness or obligations to Obligees, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, and all renewals and extensions thereof, including, but not limited to, any indebtedness or obligations arising by any terms, covenants or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between Obligees and the Obligor, including, without limitation, any representations, warranties and indemnities contained in such Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts (collectively the "Guaranteed Obligations"), relating to or arising out of the operation of a Kentucky Fried Chicken restaurant (hereinafter referred to as the "Outlet") located at **270 M. Street, Crescent City, California.**

In the event of default by the Obligor in performance, payment, or discharge of all or part of the Guaranteed Obligations, the Guarantors, jointly and severally, shall, on demand and without further notice of dishonor or other notice which may be required to be given by any statute or rule of law, perform, pay or discharge such Guaranteed Obligations and pay all losses, costs, and expenses which Obligees may suffer by reason of the default. Unless otherwise required pursuant to the Guaranteed Obligations or otherwise directed by KFC, such performance, payment or discharge shall be made at Obligees' main office in Louisville, Kentucky. Guarantors hereby severally waive notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the Guaranteed Obligations and waive diligence, presentment, demand protest and notice of non-payment, protest and suit on the part of Obligees in the enforcement or collection of any of the Guaranteed Obligations and agree that Obligees shall not be required first to endeavor to secure performance or discharge of or collect from the Obligor any Guaranteed Obligations or to foreclose, proceed against or exhaust any collateral or security for any Guaranteed Obligations, before requiring Guarantors, or any of them, to perform, pay or discharge the full liability hereby created. Suit may be brought and maintained against any one or more of the Guarantors, at the election of Obligees, without joinder of the Obligor or the other Guarantors as parties thereto. If Obligees institute and prevail entirely in any action at law or in equity against Guarantors based entirely or in part on the terms of this Agreement, Obligees shall be entitled to recover, in addition to any judgment entered in their favor, reasonable attorney's fees, court costs and all of Obligees' expenses in connection with the litigation. If Guarantors prevail entirely in any claim instituted by Obligees, they will be entitled to such fees, costs and expenses. If neither side prevails entirely, each will bear his own costs. Demand hereunder shall be deemed to have been made when made in person or mailed postage prepaid to the respective Guarantors' most recent address on file with Obligees.

This Guaranty is continuing and shall continue to apply without regard to the form or amount of Guaranteed Obligations which the Obligor may create, renew, extend or alter, in whole or in part, without notice to the Guarantors.

Obligees may from time to time, at their discretion and with or without valuable consideration, surrender, release, subordinate, exchange or alter any Guaranteed Obligation without affecting the liability of the Guarantors under this Guaranty and this Guaranty shall continue effective notwithstanding any legal disability of the Obligor to incur any Guaranteed Obligations. Any action or inaction by Obligees with regard to the Guaranteed Obligations or this Guaranty shall not impair or diminish the obligations of the Guarantors hereunder. Obligees shall not be liable for their failure to use diligence in the enforcement of collection of the Guaranteed Obligations or in preserving the liability of any person liable thereon.

Obligees are relying and are entitled to rely upon each and all of the provisions of this Guaranty; and accordingly if any provision or provisions of this Guaranty should be held to be invalid or ineffective, then all other provisions shall continue in full force and effect notwithstanding. This Guaranty is not intended and does not replace, cancel or otherwise modify or affect any other guaranty of the Guarantors, or any of them, held by Obligees now or hereafter, relating to the Obligor or other persons or entities.

Guarantors hereby unconditionally and absolutely guarantee the payment of all of said Guaranteed Obligations, regardless of any act or omission of Obligees or any party with reference to any of said indebtedness or any security or rights existing or to exist in connection therewith; and Guarantors agree that Obligees shall in no way be obligated to bring or prosecute any action against Obligor of said Guaranteed Obligations or make any demand on Obligor or give any notice of any kind to any party. Obligees shall not be liable or accountable in any respect, nor shall Guarantors have a right of recourse against Obligees by reason of, any act or omission on the part of Obligees in connection with any of the matters herein mentioned.

The amount of the maximum aggregate liability of the Guarantors under this Guaranty is the sum of Two Hundred-Fifty Thousand and no/100 dollars ($250,000) and the date on which this Guaranty terminates is **Thirteen (13)** years from the date of execution set forth below, provided, however, that such termination shall not affect the liability of the Guarantors with respect to:

(1) Guaranteed Obligations created or incurred prior to such date; or
(2) Extensions or renewals of, interest accruing on, or fees, costs, or expenses incurred with respect to, such Guaranteed Obligations on or after such date.

Executed this _____ day of AUG 25 2009 , 20____.

GUARANTORS:

_____
Nilem Sahadevan

4/97A

COMMONWEALTH OF KENTUCKY   )
                           )
COUNTY OF JEFFERSON        )

## GUARANTY

For value received, the receipt and sufficiency of which is hereby acknowledged, and in order to induce KFC Corporation ("KFC") and/or KFC National Council and Advertising Cooperative, Inc., Delaware corporations, (hereinafter referred to as "Obligees," whether one or both) to enter into certain Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts and to do certain business with **ASHOK SAHADEVAN** (the "Obligor"), of **Calabasas, California,** the undersigned (hereinafter referred to as the "Guarantors," whether one or more) jointly and severally guarantee unconditionally and absolutely to Obligees that the Obligor will fully, promptly and faithfully perform, pay and discharge all of the Obligor's present and future indebtedness or obligations to Obligees, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, and all renewals and extensions thereof, including, but not limited to, any indebtedness or obligations arising by any terms, covenants or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between Obligees and the Obligor, including, without limitation, any representations, warranties and indemnities contained in such Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts (collectively the "Guaranteed Obligations"), relating to or arising out of the operation of a Kentucky Fried Chicken restaurant (hereinafter referred to as the "Outlet") located at **512 East Main Street, Barstow, California.**

In the event of default by the Obligor in performance, payment, or discharge of all or part of the Guaranteed Obligations, the Guarantors, jointly and severally, shall, on demand and without further notice of dishonor or other notice which may be required to be given by any statute or rule of law, perform, pay or discharge such Guaranteed Obligations and pay all losses, costs, and expenses which Obligees may suffer by reason of the default. Unless otherwise required pursuant to the Guaranteed Obligations or otherwise directed by KFC, such performance, payment or discharge shall be made at Obligees' main office in Louisville, Kentucky. Guarantors hereby severally waive notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the Guaranteed Obligations and waive diligence, presentment, demand protest and notice of non-payment, protest and suit on the part of Obligees in the enforcement or collection of any of the Guaranteed Obligations and agree that Obligees shall not be required first to endeavor to secure performance or discharge of or collect from the Obligor any Guaranteed Obligations or to foreclose, proceed against or exhaust any collateral or security for any Guaranteed Obligations, before requiring Guarantors, or any of them, to perform, pay or discharge the full liability hereby created. Suit may be brought and maintained against any one or more of the Guarantors, at the election of Obligees, without joinder of the Obligor or the other Guarantors as parties thereto. If Obligees institute and prevail entirely in any action at law or in equity against Guarantors based entirely or in part on the terms of this Agreement, Obligees shall be entitled to recover, in addition to any judgment entered in their favor, reasonable attorney's fees, court costs and all of Obligees' expenses in connection with the litigation. If Guarantors prevail entirely in any claim instituted by Obligees, they will be entitled to such fees, costs and expenses. If neither side prevails entirely, each will bear his own costs. Demand hereunder shall be deemed to have been made when made in person or mailed postage prepaid to the respective Guarantors' most recent address on file with Obligees.

This Guaranty is continuing and shall continue to apply without regard to the form or amount of Guaranteed Obligations which the Obligor may create, renew, extend or alter, in whole or in part, without notice to the Guarantors.

Obligees may from time to time, at their discretion and with or without valuable consideration, surrender, release, subordinate, exchange or alter any Guaranteed Obligation without affecting the liability of the Guarantors under this Guaranty and this Guaranty shall continue effective notwithstanding any legal disability of the Obligor to incur any Guaranteed Obligations. Any action or inaction by Obligees with regard to the Guaranteed Obligations or this Guaranty shall not impair or diminish the obligations of the Guarantors hereunder. Obligees shall not be liable for their failure to use diligence in the enforcement of collection of the Guaranteed Obligations or in preserving the liability of any person liable thereon.

Obligees are relying and are entitled to rely upon each and all of the provisions of this Guaranty; and accordingly if any provision or provisions of this Guaranty should be held to be invalid or ineffective, then all other provisions shall continue in full force and effect notwithstanding. This Guaranty is not intended and does not replace, cancel or otherwise modify or affect any other guaranty of the Guarantors, or any of them, held by Obligees now or hereafter, relating to the Obligor or other persons or entities.

Guarantors hereby unconditionally and absolutely guarantee the payment of all of said Guaranteed Obligations, regardless of any act or omission of Obligees or any party with reference to any of said indebtedness or any security or rights existing or to exist in connection therewith; and Guarantors agree that Obligees shall in no way be obligated to bring or prosecute any action against Obligor of said Guaranteed Obligations or make any demand on Obligor or give any notice of any kind to any party. Obligees shall not be liable or accountable in any respect, nor shall Guarantors have a right of recourse against Obligees by reason of, any act or omission on the part of Obligees in connection with any of the matters herein mentioned.

The amount of the maximum aggregate liability of the Guarantors under this Guaranty is the sum of Two Hundred-Fifty Thousand and no/100 dollars ($250,000) and the date on which this Guaranty terminates is **Thirteen (13)** years from the date of execution set forth below, provided, however, that such termination shall not affect the liability of the Guarantors with respect to:

(1) Guaranteed Obligations created or incurred prior to such date; or
(2) Extensions or renewals of, interest accruing on, or fees, costs, or expenses incurred with respect to, such Guaranteed Obligations on or after such date.

Executed this ___ _____ day of AUG 2 5 2009 , 20___ .

GUARANTORS:

_____
Nilem Sahadevan

4/97A

COMMONWEALTH OF KENTUCKY )
)
COUNTY OF JEFFERSON )

## GUARANTY

For value received, the receipt and sufficiency of which is hereby acknowledged, and in order to induce KFC Corporation ("KFC") and/or KFC National Council and Advertising Cooperative, Inc., Delaware corporations, (hereinafter referred to as "Obligees," whether one or both) to enter into certain Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts and to do certain business with **ASHOK SAHADEVAN** (the "Obligor"), of **Calabasas, California**, the undersigned (hereinafter referred to as the "Guarantors," whether one or more) jointly and severally guarantee unconditionally and absolutely to Obligees that the Obligor will fully, promptly and faithfully perform, pay and discharge all of the Obligor's present and future indebtedness or obligations to Obligees, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, and all renewals and extensions thereof, including, but not limited to, any indebtedness or obligations arising by any terms, covenants or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between Obligees and the Obligor, including, without limitation, any representations, warranties and indemnities contained in such Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts (collectively the "Guaranteed Obligations"), relating to or arising out of the operation of a Kentucky Fried Chicken restaurant (hereinafter referred to as the "Outlet") located at **1019 Myrtle Avenue, Eureka, California**.

In the event of default by the Obligor in performance, payment, or discharge of all or part of the Guaranteed Obligations, the Guarantors, jointly and severally, shall, on demand and without further notice of dishonor or other notice which may be required to be given by any statute or rule of law, perform, pay or discharge such Guaranteed Obligations and pay all losses, costs, and expenses which Obligees may suffer by reason of the default. Unless otherwise required pursuant to the Guaranteed Obligations or otherwise directed by KFC, such performance, payment or discharge shall be made at Obligees' main office in Louisville, Kentucky. Guarantors hereby severally waive notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the Guaranteed Obligations and waive diligence, presentment, demand protest and notice of non-payment, protest and suit on the part of Obligees in the enforcement or collection of any of the Guaranteed Obligations and agree that Obligees shall not be required first to endeavor to secure performance or discharge of or collect from the Obligor any Guaranteed Obligations or to foreclose, proceed against or exhaust any collateral or security for any Guaranteed Obligations, before requiring Guarantors, or any of them, to perform, pay or discharge the full liability hereby created. Suit may be brought and maintained against any one or more of the Guarantors, at the election of Obligees, without joinder of the Obligor or the other Guarantors as parties thereto. If Obligees institute and prevail entirely in any action at law or in equity against Guarantors based entirely or in part on the terms of this Agreement, Obligees shall be entitled to recover, in addition to any judgment entered in their favor, reasonable attorney's fees, court costs and all of Obligees' expenses in connection with the litigation. If Guarantors prevail entirely in any claim instituted by Obligees, they will be entitled to such fees, costs and expenses. If neither side prevails entirely, each will bear his own costs. Demand hereunder shall be deemed to have been made when made in person or mailed postage prepaid to the respective Guarantors' most recent address on file with Obligees.

This Guaranty is continuing and shall continue to apply without regard to the form or amount of Guaranteed Obligations which the Obligor may create, renew, extend or alter, in whole or in part, without notice to the Guarantors.

Obligees may from time to time, at their discretion and with or without valuable consideration, surrender, release, subordinate, exchange or alter any Guaranteed Obligation without affecting the liability of the Guarantors under this Guaranty and this Guaranty shall continue effective notwithstanding any legal disability of the Obligor to incur any Guaranteed Obligations. Any action or inaction by Obligees with regard to the Guaranteed Obligations or this Guaranty shall not impair or diminish the obligations of the Guarantors hereunder. Obligees shall not be liable for their failure to use diligence in the enforcement of collection of the Guaranteed Obligations or in preserving the liability of any person liable thereon.

Obligees are relying and are entitled to rely upon each and all of the provisions of this Guaranty; and accordingly if any provision or provisions of this Guaranty should be held to be invalid or ineffective, then all other provisions shall continue in full force and effect notwithstanding. This Guaranty is not intended and does not replace, cancel or otherwise modify or affect any other guaranty of the Guarantors, or any of them, held by Obligees now or hereafter, relating to the Obligor or other persons or entities.

Guarantors hereby unconditionally and absolutely guarantee the payment of all of said Guaranteed Obligations, regardless of any act or omission of Obligees or any party with reference to any of said indebtedness or any security or rights existing or to exist in connection therewith; and Guarantors agree that Obligees shall in no way be obligated to bring or prosecute any action against Obligor of said Guaranteed Obligations or make any demand on Obligor or give any notice of any kind to any party. Obligees shall not be liable or accountable in any respect, nor shall Guarantors have a right of recourse against Obligees by reason of, any act or omission on the part of Obligees in connection with any of the matters herein mentioned.

The amount of the maximum aggregate liability of the Guarantors under this Guaranty is the sum of Two Hundred-Fifty Thousand and no/100 dollars ($250,000) and the date on which this Guaranty terminates is **Thirteen (13)** years from the date of execution set forth below, provided, however, that such termination shall not affect the liability of the Guarantors with respect to:

(1) Guaranteed Obligations created or incurred prior to such date; or
(2) Extensions or renewals of, interest accruing on, or fees, costs, or expenses incurred with respect to, such Guaranteed Obligations on or after such date.

Executed this ____ day of AUG 2 5 2009, 20____.

GUARANTORS:

X /s/ Nilem Sahadevan
Nilem Sahadevan

4/97A