UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KFC CORPORATION, | |
| Plaintiff | CIVIL ACTION NO. 3:10-CV-612M |
| v. | Electronically Filed |
| ASHOK SAHADEVAN *et al*. | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

KFC Corporation ("KFCC") requests enforcement of the Agreed Judgment entered by this Court in September 2011. (Agreed Judgment, DN # 26.) Among other things, the Agreed Judgment ordered compliance with an attached Settlement Agreement. Nilem Sahadevan[1] and Tharake Ataue f/k/a Ataur Rehman[2], who signed the Settlement Agreement and are therefore bound by the Agreed Judgment, have failed to comply with duties owed KFCC. Specifically, Ms. Sahadevan and Mr. Ataue have failed to make all required payments to KFCC under a Promissory Note and corresponding Guaranty Agreement and failed to de-image the former KFC restaurant located in Fortuna, California (#J051-010) ("Fortuna Restaurant"). KFCC asks this Court to enforce the Agreed Judgment and Settlement Agreement by ordering Ms. Sahadevan and Mr. Ataue to pay all outstanding amounts due under the Promissory Note and to de-image the Fortuna Restaurant.

---

[1] Nilem Sahadevan is also known as Nilem Sangha. She will be referred to as Ms. Sahadevan throughout this memorandum.

[2] After signing the Settlement Agreement as Ataur Rehman, Mr. Rehman sent KFCC a court document by which he legally changed his name to Tharake Ataue. He will be referred to as Mr. Ataue throughout this memorandum.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was originally filed against Ashok Sahadevan and Nilem Sahadevan because they breached obligations under KFC franchise agreements to operate four KFC restaurants in California. (Complaint, DN #1.) Before resolution of the case, Ashok Sahadevan declared bankruptcy, leaving Ms. Sahadevan as the sole remaining defendant. (Bankruptcy Notice, DN # 19.) Ms. Sahedavan and KFCC agreed to settle their dispute on terms that were reduced to writing in the Settlement Agreement. (Settlement Agreement, DN # 26, Page ID# 199-206.) In addition, Mr. Ataue and La Mash Foods[3] (who had interests in other KFC restaurants owned by Mr. and Ms. Sahadevan) joined in the Settlement Agreement. (*Id.* ¶ 7 at Page ID# 200 and Page ID# 205.)

Under the Settlement Agreement, Ms. Sahadevan agreed to execute a $50,000 promissory note to KFCC to resolve the issue of past-due amounts. (*Id.,* ¶ 10 at Page ID# 201). Mr. Ataue (then known as Rehman) was to sign an agreement guarantying Ms. Sahadevan's payment of the Promissory Note. (*Id.,* ¶ 8). Both Ms. Sahadevan and Mr. Ataue acknowledged that "strict compliance" with "timely payment of Promissory Note installments" "is mandatory and is a material term" of the Settlement Agreement. (*Id.*, ¶ 11). Further, they stipulated Kentucky law governed the Settlement Agreement. (*Id.* at Page ID # 205, ¶ 36.)

The "Parties" to the Settlement Agreement (defined to include KFCC, Ms. Sahadevan, Mr. Ataue, and La Mash Foods) agreed to entry of an Agreed Judgment. (Settlement Agreement, Page ID # 200, ¶ 1.) In turn, the Agreed Judgment, with the Settlement Agreement attached, was entered by this Court in September 2011. (Agreed Judgment, DN # 26.) The Agreed Judgment specifically requires the Parties to the Settlement Agreement to "comply with

---

[3] La Mash Foods, Inc. filed a bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California on November 12, 2012. Thus, KFCC is not seeking any relief against La Mash.

all obligations in the agreement." Finally, the Court retained jurisdiction to enter such further orders as necessary to enforce terms of the settlement. (*Id.,* ¶¶ 1, 3.)

As required, Ms. Sahadevan and Mr. Ataue executed a Promissory Note and a Guaranty, attached Exhibits 1-2. The Promissory Note obligated Ms. Sahadevan and Mr. Ataue to pay to KFCC sixty monthly payments of $1,062.35 each, commencing on October 15, 2011, until the Note was paid in full. (Promissory Note p. 1.) Ms. Sahadevan and Mr. Ataue also personally guaranteed all payments due under the Promissory Note, including principal, interest, late charges, and other amounts due. (See Guaranty, p. 1.) Both Ms. Sahadevan and Mr. Ataue agreed to personal jurisdiction and venue in this Court for any action by KFCC to collect the amounts payable under the Note. (Promissory Note, p. 4.)

After entry of the Agreed Judgment and execution of the Promissory Note, Ms. Sahadevan and Mr. Ataue defaulted on their obligation to make payments to KFCC under the Promissory Note and Guaranty Agreement. KFCC sent default letters to them. (Default letters dated December 14, 2011, January 5, 2012, and March 19, 2012 attached Exhibit 3.) Some past-due payments were made in response to the default letters, but Ms. Sahadevan and Mr. Ataue again defaulted. Accordingly, in November 2012 and under the acceleration clause in the Note, KFCC made demand on Ms. Sahadevan and Mr. Ataue to pay KFCC the amount of $44,895.08 then due under the Promissory Note (a remaining principal balance of $43,295.55 plus $1,599.53 of interest as of that date). (Attached November 2012 Default Letter, Exhibit 4) KFCC gave Ms. Sahadevan and Mr. Ataue ten days (or until December 8, 2012) to cure their default. (*Id.*)

Despite notice and demand, Ms. Sahadevan and Mr. Ataue failed to cure the default, and they remain in default of their obligations under the Promissory Note, the Guaranty Agreement,

the Settlement Agreement, and the Agreed Judgment.

The Settlement Agreement stated that the franchise agreements for the other Operating Stores, including the Fortuna Restaurant, terminated when Ms. Sahadevan and Mr. Ataue failed to pay the Promissory Note installments and cure the noticed default. Settlement Agreement, DN # 26, Page ID# 203, ¶ 18. Upon termination, the Settlement Agreement required Ms. Sahadevan and Mr. Ataue to close and de-image the Fortuna Restaurant. *Id.* at ¶ 18 and ¶ 17. By report dated February 14, 2013 and accompanying photos establish that the Fortuna Restaurant has closed but has not been de-imaged. De-image Report, Exhibit 5.

KFCC asks this Court to enforce the Agreed Judgment and Settlement Agreement by ordering Ms. Sahadevan and Mr. Ataue to pay the principal balance of $43,295.55, plus all interest due under the Promissory Note. KFCC also asks this Court to require Ms. Sahadevan and Mr. Ataue to de-image the Fortuna Restaurant.

Additionally, and as agreed by the Parties, KFCC is entitled to recover its reasonable attorney's fees, court costs, and all of its expenses in connection with this enforcement action. (Agreed Judgment, DN # 26, Page ID # 197, ¶ 4; Settlement Agreement, DN # 26, Page ID# 204, ¶ 25; Promissory Note, p. 3; Guaranty Agreement ¶ 11.)

## ARGUMENT

**A.    This Court has jurisdiction to enforce the Agreed Judgment by adjudicating KFCC's breach of contract claims.**

This Court is empowered to enforce terms of the Settlement Agreement by virtue of its Agreed Judgment, which retained "jurisdiction over the actions and parties' obligations" and jurisdiction "to enter any such further orders as are requested by the parties to enforce such obligations." (Agreed Judgment, ¶ 3.) *See RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641-42 (6th Cir. 2001) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381

(1994)). Additionally, courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (internal quotations omitted).

Both Nilem Sahadevan and Tharake Ataue are properly subject to this motion. As "Parties" to the Settlement Agreement, both of them consented to "personal and subject matter jurisdiction" in this Court, "venue in the Western District of Kentucky," and the "application of Kentucky law" to all matters between them and KFCC. (Settlement Agreement, DN # 26, ¶¶ 1, 36; Promissory Note, p. 4.) Further, both Ms. Sahadevan and Mr. Ataue consented to entry of the Agreed Judgment, which gave this Court jurisdiction over their actions and enforcement of their obligations. (Settlement Agreement, ¶ 1; Agreed Judgment.)

**B.     This Court is empowered to enforce the Settlement Agreement, including the Promissory Note and Guaranty obligations arising from it.**

This Court may enforce the Settlement Agreement because the parties reached agreement on all material terms. *RE/MAX Int'l, Inc.,* 271 F.3d at 646. A settlement agreement is enforceable if a settlement offer was made and accepted. *General Motors Corp. v. Herald*, 833 S.W.2d 804, 806 (Ky.1992); *see also Cantrell Supply, Inc. v. Liberty Mut. Ins. Co*., 94 S.W.3d 381, 384 (Ky. App. 2002) (An agreement to settle legal claims is essentially a valid contract if it satisfies the requirements associated with contracts generally, *i.e.,* offer and acceptance, full and complete terms, and consideration.)

Here, as stipulated by the parties to the Settlement Agreement, Kentucky law governs its terms and terms of the Promissory Note. (Settlement Agreement, ¶ 36; Promissory Note p. 4.) Under Kentucky law, a party seeking to enforce the terms of a contract may do so if the injured party demonstrates: (1) a contract between the parties; (2) a breach; and (3) damages caused by

the breach. *Tex. Capital Bank, N.A. v. First Am. Title Ins. Co.,* 822 F. Supp. 2d 678, 682-83 (W.D. Ky. 2011). KFCC satisfies each element.

### 1. The Settlement Agreement and Promissory Note are enforceable contracts.

Given the record here – a signed Settlement Agreement with full and complete terms and acknowledged consideration, which was approved by this Court and incorporated into the Agreed Judgment – the Settlement Agreement is a valid and enforceable contract. As to the Promissory Note, offer and acceptance are established by the terms of the Settlement Agreement, which required execution and delivery of a Promissory Note for past-due amounts. (Settlement Agreement, ¶¶ 8, 10.) Ms. Sahadevan and Mr. Ataue executed the Promissory Note to KFCC for the agreed-upon amount. (Promissory Note.) The terms and conditions of the Settlement Agreement (which included timely payment of Promissory Note installments) were included in the Agreed Judgment to resolve the lawsuit. Compromise by settlement of a disputed claim is sufficient consideration to enforce an agreed judgment. *See Cumberland Falls Chair Lift, Inc. v. Commonwealth*, 536 S.W.2d 316, 317 (Ky. 1976). Thus, valid contracts were created and are enforceable by this Court.

### 2. Ms. Sahadevan and Mr. Ataue have breached their obligations under the Settlement Agreement, Promissory Note and Guaranty Agreement.

Ms. Sahadevan and Mr. Ataue breached the Promissory Note by failing to timely make the required monthly installments. By so doing, Ms. Sahadevan and Mr. Ataue also breached the Settlement Agreement's requirement for "timely payment of Promissory Note installments." (Settlement Agreement, ¶ 11.) and ultimately breached the Agreed Judgment, which required them to "comply with all obligations in the [Settlement] Agreement." (Agreed Judgment, ¶ 1.)

Despite notice, demand, and opportunity to cure, Ms. Sahadevan and Mr. Ataue have not cured their breach by making any payment on the unpaid principal and interest. (Settlement

Agreement, ¶ 15; November 2012 Default and Demand Letter.) Therefore, KFCC is entitled to judgment against them in that amount under the terms of the Agreed Judgment.

Ms. Sahadevan and Mr. Ataue also breached the Settlement Agreement by failing to de-image the Fortuna Restaurant. Therefore, KFCC is entitled to judgment against them requiring them to de-image the Fortuna Restaurant in compliance with paragraph 17 of the Settlement Agreement.

### 3. KFCC is entitled to the full balance of principal, accrued interest, and its costs and fees.

KFCC's damages from Ms. Sahadevan's and Mr. Ataue's breaches of their agreements with KFCC include the full amount of the remaining unpaid principal ($43,295.55) plus all accrued interest, which accrues at 10% per annum, and other fees authorized by the Promissory Note. Additionally, under all of the parties' agreements, KFCC is entitled to recover its reasonable attorneys' fees, costs, and other expenses it has expended to file this motion and all other actions to enforce the terms of the parties' agreements. (Agreed Judgment, DN # 26, Page ID# ¶ 4; Settlement Agreement, DN # 26, Page ID# 202, ¶ 25; Promissory Note p. 3; Guaranty Agreement ¶ 11.)

## CONCLUSION

KFCC requests this Court to enforce the terms of the Settlement Agreement, which was made a part of the Agreed Judgment. KFCC is entitled to a judgment against the Ms. Sahadevan and Mr. Ataue for all amounts due under the Promissory Note, an order requiring them to de-image the Fortuna Restaurant plus KFCC's reasonable attorney's fees and costs .

Respectfully Submitted,

s/ *Margaret Grant*
Charles J. Cronan, IV
ccronan@stites.com
(502) 681-0430
Margaret Grant
pgrant@stites.com
(502) 681-0503
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Ky. 40202
*Counsel for plaintiff, KFC Corporation*

916402:1:LOUISVILLE