UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:10-CV-00612-JHM**

**KFC CORPORATION**             **PLAINTIFF**

**V.**

**ASHOK SAHADEVAN and**
**NILEM SAHADEVAN**             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff KFCC's Motion to Enforce Settlement Agreement [DN 28]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

Defendants are franchisees of KFC Corporation ("KFCC"). They operate various KFC stores in California, including the Fortuna Restaurant, ID #J051010, which is located at 432 S. Fortuna Boulevard in Fortuna, California. In April 2010, Defendants' franchise agreements for their stores were terminated when Defendants failed to comply with the agreements' express conditions. (Compl. [DN 1] ¶¶ 36–40.) In September 2010, KFCC brought this lawsuit against Defendants, alleging that they violated their franchise agreements. (See id. ¶¶ 54–68.) Before resolution of the case, Defendant Ashok Sahadevan declared bankruptcy, leaving Nilem Sahadevan as the sole defendant. (Bankruptcy Notice [DN 19].) Ms. Sahadevan and KFCC agreed to settle their dispute and executed a Settlement Agreement. The Settlement Agreement was made part of an Agreed Judgment [DN 26].

Under the Settlement Agreement, Ms. Sahadevan agreed to execute a $50,000 promissory note to KFCC to resolve the issue of past-due amounts. (Settlement Agreement [DN 26] ¶ 10.)

Tharake Ataue,[1] who also had an interest in the California stores, agreed to guarantee Ms. Sahadevan's payment of the note. (Id. ¶¶ 7–8.) Mr. Ataue and Ms. Sahadevan both signed the Settlement Agreement. By doing so, they each acknowledged that "strict compliance with . . . timely payment of Promissory Note installments . . . is mandatory and is a material term of [the Settlement Agreement]." (Id. ¶ 11.)

As required by the Settlement Agreement, a promissory note and a guaranty were executed. (See Promissory Note [DN 28-2]; Guaranty [DN 28-3].) The promissory note obligated Mr. Ataue and Ms. Sahadevan to pay sixty monthly payments of $1,062.35, commencing on October 15, 2011, until the note was paid in full. (Promissory Note [DN 28-2] 1.) Mr. Ataue and Ms. Sahadevan personally guaranteed all payments due under the note, including the principal, interest, late charges, and other amounts. (Guaranty [DN 28-3] ¶ 1.) Mr. Ataue and Ms. Sahadevan later stopped making payments to KFCC. KFCC sent default letters to them. (Letters [DN 28-4].) While some past-due payments were made in response to these letters, Mr. Ataue and Ms. Sahadevan eventually stopped making payments again. Thus, in November 2012, KFCC made demand on Mr. Ataue and Ms. Sahadevan to pay the amount of $44,895.08, which was the amount that was due under the promissory note after its acceleration clause was applied. (See Default & Acceleration Notice [DN 28-5].) Mr. Ataue and Ms. Sahadevan were granted ten days, until December 8, 2012, to cure their default. (Id.)

Despite this notice and demand, Mr. Ataue and Ms. Sahadevan failed to make any additional payments. According to KFCC, they now remain in default under the promissory note, the guaranty, and the Settlement Agreement. The Settlement Agreement provides that the franchise agreements

---

[1] After signing the Settlement Agreement as Ataur Rehman, Mr. Rehman sent KFCC a document by which he legally changed his name to Tharake Ataue. As such, the Court will refer to him as Mr. Ataue throughout this Memorandum Opinion & Order.

for the California stores terminate when there has been a failure to pay the note installments and cure a noticed default. (See Settlement Agreement [DN 26] ¶ 18.) Thus, KFCC argues that the franchise agreements terminated on December 9, 2012, requiring Mr. Ataue and Ms. Sahadevan to close and de-image the California stores, including the Fortuna Restaurant. (Id. ¶¶ 17–18.) KFCC's February 14, 2013 report shows that the Fortuna Restaurant has been closed but has not been de-imaged. (See De-Image Report [DN 28-6].) KFCC has filed this motion asking the Court to require Mr. Ataue and Ms. Sahadevan to de-image it. KFCC also asks the Court to order Mr. Ataue and Ms. Sahadevan to pay the note's principal balance of $43,295.55, plus all interest, as well as its reasonable attorneys' fees.

## II. DISCUSSION

As an initial matter, the Court must determine whether it has jurisdiction to enforce the terms of the Settlement Agreement. The Court finds that it does. "Federal courts generally do not retain jurisdiction to enforce settlement agreements because those disputes implicate state law and have little to do with the original controversy that invoked federal subject-matter jurisdiction." GATX Corp. v. Appalachian Fuels, LLC, 2011 WL 4015573 (E.D. Ky. Sept. 9, 2011) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377–81 (1994)); see Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities, 141 Fed. App'x 437, 441 (6th Cir. 2005) (noting that the enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction" (quotation omitted)). A federal district court may retain jurisdiction over the settlement, however, by: (1) expressly including a provision retaining jurisdiction in the order of dismissal; or (2) incorporating the settlement agreement's terms in the order. Hehl v. City of Avon Lake, 90 Fed. App'x 797, 801 (6th Cir. 2004); Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 641–42 (6th Cir. 2001); Kokkonen, 511 U.S. at 381. Here, the

Court's Agreed Judgment contains a provision stating that the Court "shall retain jurisdiction over the actions and parties' obligations required by this Agreed Judgment" and "shall retain jurisdiction to enter any such further orders as are requested by the parties to enforce such obligations" if they are not timely satisfied. (Agreed J. [DN 26] ¶ 3.) The Agreed Judgment also incorporates the Settlement Agreement. (Id. ¶ 1.) Thus, the Court finds that it has jurisdiction to enforce the Settlement Agreement.

The Court must next determine whether it is empowered to enforce the Settlement Agreement. The Court finds that it is. As a general rule, a federal district court may enforce a settlement if the parties reached an agreement on all material terms. See Re/Max Int'l, Inc., 271 F.3d at 646. In this case, the parties did reach an agreement on all material terms. As such, the Court is empowered to enforce the parties' settlement. The Settlement Agreement states that "timely payment of Promissory Note installments . . . is mandatory and is a material term of [the Settlement Agreement]." (Settlement Agreement [DN 26] ¶ 11.) KFCC has submitted evidence that Mr. Ataue and Ms. Sahadevan failed to make timely payments of their installments. The Court finds that by so doing, they breached the Settlement Agreement and, ultimately, the Agreed Judgment, which required them to "comply with all obligations in the [Settlement] Agreement." (Agreed J. [DN 26] ¶ 1.)

The Settlement Agreement provides that if Mr. Ataue and Ms. Sahadevan fail to timely pay any installment due under the note, the franchise agreements "will validly terminate for all of the Operating Stores, effective the first day following the expiration of the applicable cure period." (Settlement Agreement [DN 26] ¶ 18.) Thus, the Court finds that the franchise agreements, including the one for the Fortuna Restaurant, terminated on December 9, 2012—which was the first day after the applicable cure period. (See Default & Acceleration Not. [DN 28-5].) The Settlement Agreement also provides that if the franchise agreements terminate, Mr. Ataue and Ms. Sahadevan are required

4

to close and de-image the California stores. (Id. ¶¶ 17–18.) Thus, the Court finds that they must close and de-image the Fortuna Restaurant.

Moreover, the Court finds that KFCC is entitled to a judgment jointly and severally against Mr. Ataue and Ms. Sahadevan for payments due and owing in the amount of the unpaid principal of $43,295.55, plus late fees, interest charges, and finance charges—and also such amounts as accrue until payment. As discussed above, the Agreed Judgment incorporates the Settlement Agreement, and the Settlement Agreement requires "strict compliance with . . . timely payment of Promissory Note installments . . . ." (Settlement Agreement [DN 26] ¶ 11.) Further, the Agreed Judgment states that if "it becomes necessary for KFCC to enforce its rights granted by this Agreed Judgment, KFCC has the right to immediately seek a Court Order or further Judgment against Defendant for the outstanding amounts due on this Agreed Judgment . . . ." (Agreed J. [DN 26] ¶ 4.) It follows that the Court has jurisdiction to enter a judgment for payments due and owing under the promissory note.[2]

Finally, the Court finds that pursuant to the terms of the Agreed Judgment and the Settlement Agreement, KFCC is entitled to recover its reasonable attorneys' fees, costs, and other expenses it has expended in filing this motion. (Agreed J. [DN 26] ¶ 4; Settlement Agreement [DN 26] ¶ 25.)

---

[2] The Court notes that this case is inapposite to Gordon v. Koltnow, 2004 WL 2535419 (Ohio App. Nov. 10, 2004). In that case, the appellate court found that the trial court retained jurisdiction over the parties' settlement agreement but had no authority to enforce a promissory note that was executed pursuant to that settlement agreement. Id. at *2. In making this decision, the court relied on the fact that the maker's only obligations under the settlement agreement were to execute and deliver a promissory note. Because the maker's obligations were complete when he delivered the note to the payee, the maker's alleged breach of the note was not a breach of the settlement agreement. Id. In this case, however, Mr. Ataue and Ms. Sahadevan had an obligation under the settlement agreement to make timely payments of the note installments. Thus, their obligations were not complete when they delivered the note to KFCC. By breaching the note, Mr. Ataue and Ms. Sahadevan breached the Settlement Agreement. This Court has the authority to remedy that breach.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that KFCC's Motion to Enforce Settlement Agreement [DN 28] is **GRANTED**. Mr. Ataue and Ms. Sahadevan are required to de-image the Fortuna Restaurant in accordance with the Settlement Agreement's terms. Further, KFCC is granted judgment jointly and severally against Mr. Ataue and Ms. Sahadevan for payments due and owing in the amount of the unpaid principal of $43,295.55, plus late fees, interest charges, and finance charges—and also such amounts as accrue until payment. KFCC is entitled to recover its reasonable attorneys' fees, costs, and other expenses it has expended in filing this motion. KFCC shall submit documentation to support their claim for reasonable attorneys' fees and costs within fourteen (14) days of the entry of this Order.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 4, 2013

cc: counsel of record